FILED

2015 Nov-16  PM 01:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **RICHARD CARL PARTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 4:11-CV-1122-VEH** |
| ) | |
| **ROY THOMAS SMITH, JR.,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

The Prudential Insurance Company of America ("Prudential"), as stakeholder, filed this interpleader action on March 28, 2011. (Doc. 1). At issue are proceeds from insurance issued by Prudential, to its insured, Carla Smith, which became payable as a result of the death of Ms. Smith. Named in the complaint as defendants were Richard Carl Parton and Roy Thomas Smith, Jr. They are now the only parties remaining.[1] The proceeds at issue have been paid into the court registry.

The case comes before the court on the motion for summary judgment filed by the plaintiff, Richard Carl Parton. (Doc. 31). The motion seeks a determination that

---

[1] On August 2, 2011, it was ordered "that any and all claims against Prudential relative to the Group Policy and/or the Death Benefit [at issue in this case] be, and the same hereby are, dismissed with prejudice." (Doc. 12 at 3). On July 2, 2015, Prudential was terminated as a party. (Doc. 33). On August 2, 2011, the remaining parties were realigned, with Richard Carl Parton as Plaintiff and Roy Thomas Smith, Jr. as Defendant. (Doc. 16 at 1).

Parton is entitled to all of the proceeds.  Because the defendant is proceeding *pro se*, the district court must give that party express notice of the summary judgment rules, of his right to file affidavits or other materials in opposition to the motion, and of the consequences of default. *See Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985).  This court did so on September 15, 2015.  (Doc. 39).  Still, the defendant has filed no opposition to the motion.

For the reasons stated herein, the motion will be **GRANTED**.

## I.      STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") (internal quotation marks and citation omitted).  The party requesting summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the

2

moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings in answering the movant. *Id.* at 324. By its own affidavits – or by the depositions, answers to interrogatories, and admissions on file – it must designate specific facts showing that there is a genuine issue for trial. *Id.*

The underlying substantive law identifies which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Chapman*, 229 F.3d at 1023. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the evidence presented by the non-movant to rebut the moving party's evidence is merely colorable, or is not significantly probative, summary judgment may still be granted. *Id.* at 249.

How the movant may satisfy its initial evidentiary burden depends on whether that party bears the burden of proof on the given legal issues at trial. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). If the movant bears the burden of proof on the given issue or issues at trial, then it can only meet its burden on summary judgment by presenting *affirmative* evidence showing the absence of a

genuine issue of material fact – that is, facts that would entitle it to a directed verdict if not controverted at trial. *Id.* (citation omitted). Once the moving party makes such an affirmative showing, the burden shifts to the non-moving party to produce "significant, probative *evidence* demonstrating the existence of a triable issue of fact." *Id.* (citation omitted) (emphasis added).

For issues on which the movant does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. *Id.* at 1115-16. First, the movant may simply show that there is an absence of evidence to support the non-movant's case on the particular issue at hand. *Id.* at 1116.  In such an instance, the non-movant must rebut by either (1) showing that the record in fact contains supporting evidence sufficient to withstand a directed verdict motion, or (2) proffering evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. *Id.* at 1116-17. When responding, the non-movant may no longer rest on mere allegations; instead, it must set forth evidence of specific facts. *Lewis v. Casey*, 518 U.S. 343, 358 (1996). The second method a movant in this position may use to discharge its burden is to provide affirmative *evidence* demonstrating that the non-moving party will be unable to prove its case at trial. *Fitzpatrick*, 2 F.3d at 1116. When this occurs, the non-movant must rebut by offering *evidence* sufficient to withstand a directed verdict at trial on the material fact sought

4

to be negated. *Id.*

## II.   FACTS

There is no genuine issue of material fact as to the following:[2]

1.   Prudential provided certain Group Life Insurance coverage[3] on the life of Carla

Smith (the "Insured"), with a total death benefit of $244,000.00 payable upon

her death.  (Doc. 11 at 1-2; doc. 32-1 at 1-2; doc. 32-1 at 5-58; doc. 32-1 at 60).

2.   The defendant was the primary beneficiary under the coverage, but the

coverage provides that if he were determined to be ineligible to receive the

---

[2]  The facts which follow generally follows those proffered by the plaintiff in his motion. This court's Uniform Initial Order, entered in this case on April 1, 2011 (doc. 4) provides:

> The first section must consist of only the non-moving party's disputes, if any, with the moving party's claimed undisputed facts. The non-moving party's response to the moving party's claimed undisputed facts shall be in separately numbered paragraphs that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed to be admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*

(Doc. 4 at 17) (emphasis in original).  The defendant filed no response to the motion.  Pursuant to this court's Uniform Initial Order,  each proffered fact should be deemed admitted for the purpose of ruling on this motion.  However, because the defendant is proceeding *pro se*, the court has reviewed the record, and the submissions by the plaintiff, and notes that there is undisputed evidence in support of each proffered fact.  The court has noted said evidence in its discussion of the facts.

[3]  The "coverage" at issue comes form Group Life Insurance policy number G-49056-FL issued to Hospital Management Associated, Inc. by Prudential.  (Doc. 1-1 at 2-55; doc. 11 at 1-2).  Ms. Smith was an insured under the policy.  (Doc. 1-2 at 2; doc. 11 at 2).

receive the death benefit, the plaintiff, as the contingent beneficiary under the coverage, was entitled to the death benefit.  (Doc. 11 at 2; doc. 32-1 at 60).

3.     The Insured was found to have died as the result of "manual strangulation", and the defendant was criminally charged with the Insured's death.  (Doc. 11 at 2; doc. 11-3 at 2; doc. 32-1 at 62).

4.     In his Answer to the Interpleader Complaint, the defendant confirmed that, under pertinent law, he would not be eligible to receive the death benefit if convicted of the crime with which he was charged, although he denied that the law was applicable, contending that he was innocent of such crime. (Doc. 1 at 3-4; doc. 9 at 2-3).

5.     In his Answer filed to Prudential's Interpleader Complaint in this case, the defendant confirmed that if he was not entitled to the death benefit, the plaintiff, as contingent beneficiary, may be entitled thereto. (Doc. 1 at 4; doc. 9 at 3; doc. 32-1 at 60).

6.     As evidenced by "Judgment of the Court" entered on March 21, 2014, after trial in Case Number: CC-11-455-WAM, Circuit Court of Etowah County, Alabama, the jury returned a verdict on March 18, 2014, finding the defendant guilty of the offense of Capital Murder, for the murder of the Insured. (Doc. 23 at 8). In its sentencing order, the court confirmed that the jury actually found

6

the defendant guilty "of the offense of Murder for Pecuniary Gain, a Capital Offense." (Doc. 32-1 at 70).

7.    As evidenced by "Sentencing Order" entered on April 22, 2014, in Case Number: CC-11-455-WAM, the defendant was sentenced on April 17, 2014, by the Circuit Court of Etowah County, Alabama, to life in prison without the possibility of parole. (Doc. 23 at 9).

8.    As shown by Certificate of Judgment issued by its clerk, the Alabama Court of Criminal Appeals, on November 7, 2014, affirmed the judgment of conviction. (Doc. 32-1 at 72).

9.    As shown by Certificate of Judgment issued by its clerk, the Supreme Court of Alabama, on February 13, 2015, denied the petition for writ of certiorari to the Court of Criminal Appeals. (Doc. 32-1 at 73).

## III.  ANALYSIS

Under Alabama law,

[a] named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy or other contractual arrangement, and it becomes payable as though the killer had predeceased the decedent.

Ala. Code § 43-8-253(c). In Alabama, "[a] final judgment of conviction of felonious

and intentional killing is conclusive for purposes of this section." Ala. Code § 43-8-253(e).

Here, the defendant has been convicted of the crime of "Murder for Pecuniary Gain," a Capital Offense in Alabama. Ala. Code § 13A-5-40(7) ("Murder done for a pecuniary or other valuable consideration or pursuant to a contract or for hire."). In Alabama, a felony is defined as "[a]n offense for which a sentence to a term of imprisonment in excess of one year is authorized." Ala. Code § 13A-1-2(8). A "Capital Offense," under Alabama law, is "[a]n offense for which a defendant shall be punished by a sentence of death or life imprisonment without parole." Ala. Code § 13A-5-39(1). The crime of which Defendant was convicted was a felony.

In Alabama, "[a] person commits the crime of murder if he or she . . . [w]ith intent to cause the death of another person . . . causes the death of that person or of another person." Ala. Code § 13A-6-2(a).[4] The conviction conclusively proves that

---

[4] Alabama Code §13A-6-2 also provides that "murder" includes the following conduct, not applicable here:

(2) Under circumstances manifesting extreme indifference to human life, he or she recklessly engages in conduct which creates a grave risk of death to a person other than himself or herself, and thereby causes the death of another person.

(3) He or she commits or attempts to commit arson in the first degree, burglary in the first or second degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree, sodomy in the first degree, any other felony clearly dangerous to human life and, in the course of and in furtherance of the crime that he or she is committing or attempting to commit, or in immediate flight therefrom, he or she, or another participant if there be any,

8

the killing was done intentionally.

In light of the foregoing, there is no genuine issue of material fact that there has been a final determination that the defendant feloniously and intentionally killed the insured, Carla Smith. Thus, under applicable Alabama law, the defendant is deemed to have predeceased the insured, and the plaintiff, as the contingent beneficiary under the coverage, is due to receive the death benefit.

## IV.   CONCLUSION

Based on the foregoing, summary judgment will be **GRANTED** in favor of the plaintiff, Richard Carl Parton, and against the defendant, Roy Thomas Smith, Jr. It will be **ORDERED** that Richard Carl Parton is entitled to all proceeds payable from the insurance at issue in this case, which are on deposit in the registry of this court.

**DONE** this 16th day of November, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

causes the death of any person.

(4) He or she commits the crime of arson and a qualified governmental or volunteer firefighter or other public safety officer dies while performing his or her duty resulting from the arson.

Ala. Code § 13A-6-2.